THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* GIL-BERTO RIVERA GONZÁLEZ (*a*) GARATA ET AL., Defendants and Appellants.

Nos. 15642–649. Argued November 8, 1954.—Decided December 17, 1954.

*Santos P. Amadeo* and *Rafael V. Pérez Marchand* for appellants. *José Trías Monge, Attorney General,* and *Rafael L. Ydrach Yordán, Fiscal of the Supreme Court,* for appellee.

PER CURIAM.

In the motion filed by the defendants on November 1 of the present year it is stated that on August 12, 1952, they

were found guilty on four counts of murder in the first degree and four counts of attempt to commit murder; that on the 25th of the same month and year they appealed to this Court and, after taking the legal steps, the transcript of the evidence was approved by the trial judge and the record timely sent up to this Court; that they have already filed their brief in this Court but that of the prosecuting attorney is still pending; that among the errors assigned is the following: "The trial judge erred in keeping the defendants away from their attorney, thereby depriving them of active and effective assistance of counsel as required by Art. II, § 11, of the Constitution of the Commonwealth of Puerto Rico, the Fifth and Fourteenth Amendments to the Constitution of the United States, and § 11, subd. (2), of the Code of Criminal Procedure of Puerto Rico"; that that error is based on an order issued by the trial court to the marshal, whereby the latter seated the defendants behind a railing approximately 10 inches wide which is in the courtroom; that that court ordered that a photograph be taken of the place where the defendants and their counsel would be seated; that that photograph was never taken and, consequently, was not sent up to this Court; that on October 27, 1954, the special prosecuting attorneys of the Department of Justice filed a motion in the Arecibo Part of the Superior Court, where defendants were tried, in which, after quoting the assignment of error above recited and making reference to the order of said court, they allege that the assignment is based on the fact that the defendants were restrained in their right to have proper assistance of counsel at the trial; that the Supreme Court does not have under consideration sufficient data or factors to appreciate the distance between the defendants and their attorney after the order in question was carried out; that in order to enable the Supreme Court to have a clear picture of the situation, it is essential that the Superior Court issue an order to the undersigned prosecuting attorneys, the defendants, and attorneys who appeared

at the trial of the case and in the appeal, to appear on such date as the Superior Court may see fit, to reconstruct the facts and the situation brought about, so that after proper intervention by the parties the same may be approved and certified by the Superior Court and sent up to the Supreme Court as part of the record; and that if such motion is denied, The People of Puerto Rico will be at a disadvantage in the appeal taken.

Appellants further allege that the purpose of the motion of the prosecuting attorneys is to incorporate in the transcript of the evidence the incident connected with the order separating the defendants from their attorney, as well as the photograph which the judge ordered to be taken and which was never taken; that the motion of the prosecuting attorneys should be dismissed and, further, that the Superior Court has no jurisdiction to grant the request.

On November 2, in answer to defendants' motion, we set a hearing for the 8th of the said month, at 9 a.m., and the Arecibo Part of the Superior Court was ordered to abstain from entertaining the motion filed by The People on October 27, 1954 until further order of this Court. The hearing was held and, after separate memoranda were filed by the parties, the question was finally submitted to our consideration.

Section 356 of the Code of Criminal Procedure, as amended by Act No. 4 of 1925 (Sess. Laws, p. 108), and Rule 10 of the Rules of this Court, regulate the procedure to be followed in sending up to this Court the record on appeal in any criminal case. In the instant case, the transcript has already been sent up. The purpose of the prosecuting attorneys' motion is merely to correct the transcript. With respect to the correction of the record, our Rule 13 provides that, "For the purpose of correcting any error or defect. . ., either party may suggest the same in writing by motion filed with the clerk; and upon good cause shown, the court shall order the clerk to make the correction or that the proper officer certify to this court the whole or any part of the record,

as may be required, or the same may be produced by either party duly certified without such order."

Before the transcript of the record is sent up to this Court, the trial court has full authority to correct and approve the transcript of the evidence. The latter and the judgment roll make up the transcript of the record. However, once the transcript of the record is sent up, only this Court may authorize any amendments, additions, or corrections thereto. Hence, our aforesaid order of November 2, 1954, setting a hearing for appellee's motion and ordering the trial court to abstain from entertaining the same.

. We should not enter the order urged by the prosecuting attorneys seeking reconstruction of the facts and the situation brought about by the order in question of the Superior Court. The records which are sent up to this Court should speak for themselves, and are the only ones which we shall consider in deciding any matter submitted to us. If those records are deficient and it is necessary to correct them in any way, we frequently authorize their correction when our attention is called thereto, provided it is necessary for the solution of the problem raised. However, as stated in *Pérez Brothers* v. *Arenas*, 30 P.R.R. 98, the errors which may be corrected in this Court by motion under Rules 55 and 56 of the Regulations in force—the former was similar to Rule 13 copied above—are those which may have been made in copying and are evident, or those which consist in the omission of parts of the original statement, from the general record or from some other independent document, proper or necessary for the appeal. See, also, *Crosas* v. *Gutiérrez*, 19 P.R.R. 1086.

In the instant case, The People does not request the correction of the record for the purpose of taking up in this Court something which actually occurred during the trial. On the contrary, they seek to reproduce a scene, for the purposes of the appeal, in order that a description be made or a photograph taken, neither of which was done at the trial.

That would not amount to correcting the record; it would amount to creating, for the purposes of the appeal, an incident which never took place at the trial. Our duty is to confine ourselves to the transcript of what actually occurred at the trial.

The parties should have anticipated that such an order could be challenged on appeal in an assignment of error to the trial court. They could have stated in the record the distance at which the defendants were situated from their attorneys, and any other particular relating to that order. They could have also insisted that the photograph in question be taken. They did nothing of the kind and we must not at this time exercise our discretion on their behalf.

Considering the motion of the prosecuting attorney as submitted to this Court for decision, the same is dismissed, and, consequently, the correction of the record sought by them is denied.